WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN *UNITED STATES v. RESENDIZ-PONCE* AND *RUSSELL v. UNITED STATES*, AND THIS COURT'S OPINION IN *UNITED STATES v. FOSLER*, 70 M.J. 225 (C.A.A.F. 2011).

No briefs will be filed under Rule 25.

Misc. No. 12–8012/AF. David J.A. Gutierrez, Petitioner v. United States and United States Air Force Court of Criminal Appeals, Respondents. Notice is hereby given that a petition for extraordinary relief in the nature of an emergency stay was electronically filed under Rule 27(a) on this date.

No. 12–0244/AR. U.S. v. Joshua D. Proctor. CCA 20100289. Appellant's motion to extend time to file the supplement to the petition for grant of review granted, but only up to and including February 14, 2012, and absent extraordinary circumstances, no further extension of time will be granted in this case.

No. 12–0272/AF. U.S. v. Timur Timerhanov. CCA 37685. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to February 14, 2012.

No. 12–0165/MC. U.S. v. Stephen L. Scaringello. CCA 201100192. Review granted on the following issue:

WHETHER THE NMCCA MISAPPLIED THIS COURT'S HOLDINGS IN *UNITED STATES v. FOSLER* AND *UNITED STATES v. WATKINS* IN FINDING THAT, DESPITE FAILING TO EXPRESSLY ALLEGE THE TERMINAL ELEMENT, THE ARTICLE 134 SPECIFICATION HERE STATES AN OFFENSE.

No briefs will be filed under Rule 25.

No. 12–0195/AR. U.S. v. Chad E. Gibbs. CCA 20110083. Review granted on the following issue:

WHETHER SPECIFICATIONS 1-4 OF CHARGE III FAIL TO STATE AN OFFENSE BECAUSE THEY DO NOT EXPRESSLY ALLEGE OR NECESSARILY IMPLY THE TERMINAL ELEMENTS OF ARTICLE 134, UCMJ.

No briefs will be filed under Rule 25.

